## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:18-cv-00650 MLB** |
| **TIMOTHY S. BATCHELOR,** | |
| **Defendant.** | |

## FINAL JUDGMENT AS TO DEFENDANT TIMOTHY S. BATCHELOR

The Securities and Exchange Commission having filed a Complaint and Defendant Timothy S. Batchelor ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

# I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and  enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange  Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the  mails, or of any facility of  any  national  securities  exchange,  in  connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to  make  any  untrue  statement  of  a  material  fact  or  to  omit  to state a material fact necessary in order to make the statements made, in  the  light  of  the  circumstances  under  which  they  were  made,  not misleading; or

(c)     to  engage  in any  act,  practice,  or  course  of  business  which operates  or  would  operate  as  a  fraud  or  deceit  upon  any  person  by, directly  or  indirectly,  (i)  creating  a  false  appearance  or  otherwise deceiving  any  person,  or  (ii)  disseminating  false  or  misleading

documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the intended use of investor funds or investment proceeds.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in

interstate commerce or by use of the mails, directly or indirectly:

> (a)    to employ any device, scheme, or artifice to defraud;

> (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

> (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

> (A) any investment strategy or investment in securities,

> (B) the prospects for success of any product or company,

> (C) the use of investor funds,

> (D) compensation to any person,

> (E) Defendant's qualifications to advise investors; or

(F) the intended use of investor funds or investment proceeds.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act [15 U.S.C. § 80b-6], by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client; and

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective

investor, about:

> (A) any investment strategy or investment in securities,

> (B) the prospects for success of any product or company,

> (C) the use of investor funds,

> (D) compensation to any person,

> (E) Defendant's qualifications to advise investors; or

> (F) the intended use of investor funds or investment proceeds.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer, provided, however, that such injunction shall not prevent the Defendant from purchasing or selling securities for his own personal accounts. The term "participating" shall mean engaging in activities with a broker, dealer, or issuer

for purposes of the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer, or inducing or attempting to induce the purchase or sale of any security in an unregistered offering.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains in the amount of $1,097,008.63 and prejudgment interest thereon in the amount of $157,592.11

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall also pay a civil penalty of $160,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,254,600.74, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon, and for a civil penalty in the amount of $160,000, for a total amount of $1,414,600.74.  Defendant shall

satisfy this obligation by paying $1,414,600.74 to the Securities and Exchange

Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission,

which will provide detailed ACH transfer/Fedwire instructions upon request.

Payment may also be made directly from a bank account via Pay.gov through

the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant

may also pay by certified check, bank cashier's check, or United States postal

money order payable to the Securities and Exchange Commission, which shall

be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action

number, and name of this Court; [Defendant's name] as a defendant in this

action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of

payment and case identifying information to the Commission's counsel in this

action.  By making this payment, Defendant relinquishes all legal and

equitable right, title, and interest in such funds and no part of the funds shall

be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and

may propose a plan to distribute the Fund subject to the Court's approval.  The

Court shall retain jurisdiction over the administration of any distribution of the

Fund.  If the Commission staff determines that the Fund will not be

distributed, the Commission shall send the funds paid pursuant to this Final

Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement

and prejudgment interest by moving for civil contempt (and/or through other

collection procedures authorized by law) at any time after 14 days following

entry of this Final Judgment.  Defendant shall pay post judgment interest on

any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

the Consent is incorporated herein with the same force and effect as if fully

set forth herein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

this Court shall retain jurisdiction of this matter for the purposes of enforcing

the terms of this Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the

Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment

forthwith and without further notice.

**SO ORDERED** this 5th day of February, 2019.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE